IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY H. LETT, | ) | CASE NO.: 1:16-CR-198 |
| | ) | 1:20-CV-1349 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court upon Petitioner, Anthony H. Lett's ("Petitioner" or "Mr. Lett") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. (ECF #106). The Government filed a Response in Opposition (ECF #110), and Petitioner filed a Reply (ECF #119). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #106) is DENIED.

I.   **Procedural History**

On June 14, 2016, Petitioner was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of a stolen firearm, to wit: a Kahr Arms, .45 caliber pistol, which had been shipped or transported in interstate commerce, in violation of 18 U.S.C. §922(j) (Count 2). (ECF #1). On June 27, 2016, Mr. Kevin Spellacy was appointed as counsel to represent Petitioner and did so up and through November 22, 2016, when he requested to withdraw due to a conflict. On November 22, 2016, the Court appointed Mr. James Jenkins as counsel for Petitioner.

On December 5, 2016, Mr. Jenkins filed a Motion to Dismiss the Indictment, arguing that the Government had attempted to impede Petitioner's right to a speedy trial. (ECF #17). This

1

argument was foreclosed by the fact that Mr. Lett previously waived his right to a speedy trial. On December 6, 2016, Mr. Jenkins filed a Motion to Suppress. (ECF #18). The Court held a hearing and the Motion to Suppress was denied. (ECF #27). Mr. Jenkins then filed a Motion for Appointment of Investigator at Government's Expense, seeking the assistance of Thomas P. Pavlish to help prepare Petitioner's defense. The Court granted the request. On September 18, 2017, at the request of Mr. Lett who wished to engage new counsel, the speedy trial was again tolled and Mr. James Kersey was appointed to take over as Petitioner's counsel. After discovering a conflict with representation, the Court granted Mr. Kersey's request to withdraw and appointed Mr. Rodger A. Pelagalli.

Following a two-day trial starting on May 14, 2018, Petitioner was found guilty of the charges in the indictment. Mr. Pelagalli made numerous objections to the Pre-Sentence Report ("PSR"), including Petitioner's criminal history and criminal history computation, the offense conduct, the offense level computation, and argued that the discovery in the case revealed a different serial number for the gun than that which was contained in the PSR. On October 8, 2018, Petitioner was sentenced to the custody of the United States Bureau of Prisons for a total term of 120 months as to Count 1, and 30 months as to Count 2, terms to run consecutive, and this sentence to run consecutive to the State sentence imposed. Petitioner was also sentenced to supervised release for a term of three years, to run concurrent. Mr. Lett appealed his conviction and sentence, and the Sixth Circuit affirmed the district court's decision, issuing a Mandate on August 23, 2019. (ECF #101). On June 19, 2020, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255. (ECF #106).

**II.**      **Standard for Relief Under § 2255**

A petitioner who moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). A court may grant relief under § 2255 only if a petitioner has demonstrated a, "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted); *see also*, *United States* v. *Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The burden is on the petitioner to prove his constitutional rights were denied or infringed by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

**III. <u>Analysis</u>**

In his first ground for relief, Mr. Lett argues that the Government failed to prove at trial that he knowingly possessed a firearm in violation of 18 U.S.C. 922(g)(1), pursuant to *Rehaif v. United States*, 139 S. Cr. 2191 (2019), and thus his conviction must be "vacated and dismissed". Although Mr. Lett's petition is timely, his claim is procedurally defaulted as he failed to raise it in the trial court or on direct appeal, and makes no claim to the contrary. A petitioner procedurally

3

defaults any claims that were not raised in the trial-level proceedings or on direct appeal. *See Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977).

In his second ground for relief, Mr. Lett alleges the Government presented insufficient evidence at trial to establish that he actually or constructively illegally possessed the firearm. Again, Petitioner failed to raise this argument on appeal. It is well settled that an argument not raised on direct appeal is waived. *See Grant v. United States*, 72 F.3d 503, 505-506 (6th Cir. 1996). Where a claim is procedurally defaulted, it may be raised in habeas review only if the petitioner can first demonstrate either, "cause and actual prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot show cause to excuse his procedural default, and thus his second ground for relief fails.

Petitioner's argument of actual innocence is also unsuccessful. To prove actual innocence, a § 2255 movant must demonstrate his factual innocence and not mere legal insufficiency. *Bousley*, 523 U.S., at 623. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not present at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate actual innocence as a gateway to permit a court to reach a defaulted claim, a § 2255 petitioner is required to present new evidence of his innocence that establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. at 537.

Petitioner contends that the Government failed in establishing three elements of proof: (1) that he had a prior felony conviction for a crime that is punishable by imprisonment for a term exceeding one year; (2) that he possessed the firearm specified in the indictment; and (3) that the possession was in or affecting interstate commerce. However, Petitioner does not show that he is

actually innocent. As the Government correctly argues, Mr. Lett's allegation of lack of evidence does not constitute a showing of new, reliable evidence, as required to demonstrate a claim of innocence based on factual innocence. *See Bousley*, 523 U.S. at 623. Here, Petitioner bears the burden of proving factual innocence and not merely legal insufficiency of the evidence, a burden he fails to meet. Mr. Lett provides no new reliable evidence, and does not prove, "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *See Schlup*, 513 U.S. at 327. Accordingly, Petitioner fails to meet the standard for either a gateway or freestanding innocence claim.

In his third ground for relief, Petitioner argues the Court lacked jurisdiction to try him in violation of 18 U.S.C. §§ 922(g)(1) or 922(j). Mr. Lett maintains that the, "gun from the grand jury and the one introduced at trial were two different gun's [sic] and two different serial numbers." (ECF #106-2). "An indictment valid on its face may not be dismissed on the ground it is based on inadequate or insufficient evidence." *United States v. Jones*, No. 6:09-16-S-DC, 2009 U.S. Dist. LEXIS 83066*1 (E.D. Ky. Sept. 11, 2009). As addressed in the Government's Response to Defendants' Sentencing Memorandum and PSR Objections and at sentencing, the Government acknowledged that the PSR misidentified the firearm, and the Court amended the PSR to accurately reflect the serial number of the gun. Here, the initial misidentification of the serial number does not negate the validity of the charges in the Indictment, and thus Petitioner's third ground for relief fails.

In his fourth and fifth grounds for relief, Mr. Lett alleges ineffective assistance of counsel during all phases of the proceedings, but only briefs these claims as to his trial counsel, Mr. Pelagalli (Ground Four), and his appellate counsel, Mr. Gibbons (Ground Five). In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's

performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment." *Id*. Judicial scrutiny of counsel's performance must be "highly deferential." *Id*. at 689.

Here, the Government correctly argues that Mr. Lett's claims are unsubstantiated by the record. Mr. Pelagalli conducted a reasonable investigation as to the charges against Mr. Lett, and Petitioner's claims to the contrary – that counsel's investigation was inadequate and that he failed to present witnesses or evidence that would have demonstrated his innocence - are without merit. The Court agrees that Mr. Pelagalli provided thorough representation, and Petitioner fails to meet his burden of demonstrating that his counsel, "did not attempt to learn the facts of the case" and "his lawyer's deficiency was a decisive factor in his decision to plead guilty." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006).

With respect to his appellate counsel, Petitioner argues that Mr. Gibbons was ineffective for failing to motion the Sixth Circuit for a stay pending a decision in *Rehaif*. As the Government correctly notes, counsel's actions are, "evaluat[ed] from the conduct from counsel's perspective at the time" and *Rehaif* had not been decided at the time of Petitioner's direct appeal. Pursuant to the Sixth Circuit with respect to Guidelines claims, "counsel is not ineffective for failing to predict developments in the law." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019). Accordingly, Petitioner's fifth and final ground for relief fails.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate, "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

7

For the reasons stated above, as well as those set forth in greater detail in the Government's briefings, the Court concludes that Mr. Lett has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

### IV. Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #106) is DENIED. Because the files and record in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending petition. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: March 31, 2021